Thompson, J.
delivered the opinion of the coart. The two questions presented for the opinion of the court in this case are,
1st. As to the admissibility of the evidence taken under the. commission. [1]
2d. Whether the plaintiff was entitled to any commissions on the leather delivered to the French government ? and if to any, what rate was to be allowed ?
I shall pass over the first point, as to the admissibility of the proof, the other being the principal question, and going to the merits of the action. Admitting the letters to have been sufficiently proved, I think they will not warrant a construction that the plaintiff was to have commissions upon the leather. By the contract made between the defendant and the French minister, respecting the leather, as appears from the plaintiff’s, witness, no condition was annexed, or option left with the defendant to sell, in case payment was not made. The stipulation, on the [*357] ^defendant’s part, was absolute to deliver it; and in case payment was not made on delivery, the French minister bound himself to pay for it at the treasury of the United States, out of, the debt due to the French Republic. This being the. contract with respect to the ■leather, it is hardly presumable that it could be the inten *445 tian of the parties that the captain was to receive a commission of 2 1-2 per cent, for such delivery, especially as he was master of the ship, and received pay as such, though 20 dollars a month under the usual allowance. But he was always to receive commissions on a very valuable cargo, (amounting to 59,415 dollars, exclusive of the leather,) and this was probably the reason why his wages, as master, were reduced. These circumstances are mentioned as aiding, in some measure, the explanation of the letters, which may, perhaps, appear doubtful. In mercantile language, I be. lieve, it is well understood that commissions mean an allowance or compensation made upon the sale or purchase of goods; and in conformity to this understanding we find the defendant’s letter, which is made the foundation of this action. He says, “ the commissions upon the sales and investments vñll be 2 1-2 per cent." Has there been a sale or investment of this leather ? Certainly not; neither was there, by the first letter, any authority or direction given the plaintiff, on any event, to sell the leather; he was to deliver it to the agents of the French government. I confine myself now entirely to the first letter, because that is the only one that speaks of any commissions. We do not find the plaintiff, when the French government declined receiving the leather, offering it for sale, but he repeated his efforts to deliver it until he succeeded. This serves to show what his conceptions were with respect to his directions for disposing of this leather. We find also that Messrs. Barton Casson & Barton, joint agents with the plaintiff in the sale of the cargo, made no charge of commissions upon this part of the cargo. It is true, the defendant, by a letter dated the 3d March, 1795, two months after the vessel sailed, directed the plaintiff, if he could not get the money for the leather, agreeable *to contract, to sell it, if [*358] he could get nearly the same price. This letter, however, could not alter the plaintiff’s right to commissions under the former contract, which was consummated previous to the sailing of the vessel. * If this letter gave directions to *446 ’ make a different disposition of the cargo than his former instructions would warrant, and he had accordingly done so, it might, perhaps, have afforded a ground for a claim of commissions, or an action on a quantum meruit for such services; or if he had received the money from the French government, and invested it according to his first instructions, he might have been entitled to his commissions on such investments. But all this is completely answered by showing that he made no sale or other disposition of the leather, but barely delivered it to the French government, pursuant to the first directions of the defendant. The opinion of the court, therefore, is, the plaintiff was only entitled to commissions on the sales and investments of the cargo; that here has been no sale or investment of the leather, but only a delivery of it to the French government, according to the defendant’s contract with their minister, and, of course, no commissions due him; and that judgment ought to be for the defendant.
Judgment for the defendant.

 Sec Jackson v. Shephard, 6 Cow. 444,